IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:13-cr-00080-PPS-PRC |
| vs. ) | |
| ) | |
| MATTHEW JASEK ) | |
|     Defendant ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by David Capp, United States Attorney for the Northern District of Indiana, through Thomas McGrath, Assistant United States Attorney, to urge the Court to (1) sentence Defendant to a period of incarceration at the minimum of his applicable guideline range, (2) impose a 10-year term of supervised release following incarceration and (3) require registration as a sex offender as a condition of supervised release, as recommended by the parties in paragraph 7 of the plea agreement.[1] DE 2.

**ARGUMENT**

A sentence at the minimum of the guideline range is appropriate in the instant case. The Defendant fully cooperated with law enforcement upon arrest and promptly admitted to his guilt early on in the prosecution of his case. As a result of his cooperation, the nature of his offense, and his lack of other criminal history, the government offered and the Defendant accepted a pre-indictment plea agreement. This plea afforded the Defendant the opportunity to plea to a charge of *possession* of child pornography pursuant to 18 U.S.C. 2252(a)(4)(B) rather than the charge of *distribution* of child pornography (18 U.S.C. 2252(a)(2).[2] See PSR at 6. Were it not for this

---

[1] The Government notes with apologies to the Court that the numbering of the subparagraphs in 7(d) of the plea agreement is erroneous.
[2] Defendant admits that he distributed child pornography within the plea agreement. DE 2 at ¶ 7(d)(ii)(A).

1

favorable plea, the Defendant would be facing a base offense level of 22 under the guidelines rather than a base offense level of 18, and would further be facing a mandatory minimum sentence of five years. See 18 U.S.C. §2252(b)(1). As part of the plea, the Defendant and Government agreed that "based upon the facts of this case, and with full consideration of any factors to be considered under 18 U.S.C. §3553(a), a total sentence of 51 months [the minimum of the applicable guideline range] is a fair and reasonable sentence, and no additional grounds exist for an upward or downward departure or variance from the applicable Guideline range. DE 2 at ¶7(d).

As explained below, a sentence at the minimum of the guideline is warranted in this case given the nature and circumstances of the crime, the seriousness of Defendant's offense conduct, the need to provide just punishment, the need to promote deterrence in the commission of this crime, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**Nature and Circumstance of the Crime**

A sentence at the minimum of the guideline recommendations is appropriate because of the nature and circumstance of the crime itself. Defendant has admitted that he possessed the equivalent of over 600 child pornography images[3] and that he distributed some of the material through a file sharing program. PSR at 6 and 8. He has further stated that he has been interested in child pornography for eight years, has received and possessed child pornography through several peer to peer file sharing programs, and has searched for child pornography sometimes as often as twice a week. PSR at 26 and 27. In addition to the videos found on Defendant's computer, during the investigation law enforcement observed that Defendant possessed files with titles such as: Pthe Pedoland Frifam Heidi Ass, 2012 4Yo Princess Film 0009, PTHC-R@Y

---

[3] For sentencing purposes, each video is considered to be the equivalent of 75 individual images.

2

gold Hc-c4G-Fuckin, and pthc 2011 dadd with 8yo daughter, within a shared folder on Defendant's computer.[4] PSR at ¶ 21. This indicates that Defendant's sexual interest in children expanded beyond the videos found on his computer at the time of his arrest.

The above facts justify a guideline sentence. Defendant admits he committed this crime over a long period of time. Therefore he likely viewed, and/or possessed far more than what was found on his computer at the time of arrest. At the same time, a sentence at the *minimum* of the guideline is warranted because Defendant was forthcoming about his criminal behavior, freely admitted his guilt, possessed a relatively small number of videos at the time of his arrest with no prepubescent images or videos, and has no other criminal history.

**Seriousness of the Offense/Provide Just punishment**

The need to reflect the seriousness of the offense and to provide just punishment for Defendant's crime warrants a guideline sentence. "[C]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 306 (2008). The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance, *New York v. Ferber*, 458 U.S.747, 757 (1982), which extends to stamping out the vice of child pornography at all levels in the distribution chain. *Osborne v. Ohio*, 495 U.S. 103, 110 (1990). The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product. *Ferber*, 458 U.S. at 760. In the words of the Seventh Circuit:

> "Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it."

---

[4] PTHC is an acronym for Pre-Teen Hard Core. Furthermore, 4yo and 8yo are common abbreviations for Four-year old and Eight-year old.

3

*United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006). By knowingly seeking out, obtaining and—through peer to peer software—distributing child pornography, Defendant helped create and feed the market for child pornography, which in turn leads to the abuse of more children in an effort to produce more images to meet the seemingly ever increasing demand. See, e.g., *United States v. Goldberg*, 491 F.3d 668, (7th Cir. 2007) ("The greater the customer demand for child pornography, the more that will be produced. . . . The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced."); *United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2001) ("The possession, receipt and shipping of child pornography directly victimizes the children portrayed by violating their right to privacy, and in particular violating their interests in avoiding the disclosure of personal matters."); see also *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005) ("It goes without saying that possession of child pornography is not a victimless crime. A child somewhere was used to produce the images downloaded by [the defendant], in large part, because individuals like [the defendant] exist to download the images.").

The Seventh Circuit has urged district courts "to give respectful attention to Congress' view that crimes such as [possession of child pornography] are serious offenses deserving serious sanctions." *United States v. Grigg*, 442 F.3d 560, 564-565 (7th Cir. 2006). Within-Guideline sentences given in child pornography cases have consistently been upheld in this judicial circuit. See, e.g., *United States v. Garthus*, 652 F.3d 715 (7th Cir. 2011); United States v. Armes, 415 F. Appx 729 (7th Cir. 2011); *United States v. Mantanes*, 632 F.3d 372 (7th Cir. 2011); *United States v. Brown*, 634 F.3d 954 (7th Cir. 2011); *United States v. Snodgrass*, 635 F.3d 324 (7th Cir. 2011); *United States v. Allen*, 413 F. Appx 893 (7th Cir. 2011); *United States*

v. *Coopman*, 602 F.3d 814 (7th Cir. 2010); *United States v. Maulding*, 627 F.3d 285 (7th Cir. 2010); *United States v. Rodgers*, 610 F.3d 975 (7th Cir. 2010).

As shown above, the Courts and Congress have recognized the need to treat the receipt, distribution and possession of child pornography as a serious crime and a crime of violence. Considering the amount of time that Defendant was involved in this behavior, a sentence of 51 months is appropriate to reflect the seriousness of Defendant's crime and to provide just punishment.

**Deterrence**

The need for deterrence is also a factor in why a guideline sentence is warranted. "Child sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010) (en banc) (quoting *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009)). "[T]he deterrence objective of sentencing is 'particularly compelling in the child pornography context'" because "imposing a lighter sentence on one convicted of a child pornography offense 'tends to undermine the purpose of general deterrence and, in turn, tends to increase (in some palpable if unmeasurable way) the child pornography market.'" *Id*. at 1211 (quoting *United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008)). As District Judge John R. Adams explained in *United States v. Cunningham*, 680 F.Supp.2d 844 (N.D. Ohio, 2010): "There can be no keener revelation of a society's soul than the way in which it treats its children." Id. at 847 (quoting Nelson Mandela). He continued, "[g]iven the recent statistics surrounding child pornography, we are living in a country that is losing its soul." *Id*.

It is an unfortunate reality that in many cases those that receive and distribute child pornography will go undetected by law enforcement. This crime has always been one that is

cloaked in shadow and anonymity.  Therefore, if someone is apprehended committing this crime, adhering to a guideline sentence sends a clear message that the consequences of committing such a crime are too high to risk.  *See United States v. Ontiveros*, 07-CR-333, 2008 WL 2937539 (E.D. Wis. July 24, 2008) (stating "One of Congress' primary goals in enacting stringent penalties even for simple possession of such materials, it seems clear, is to deter such behavior, to increase the punishment to a sufficient level so that no rational person would think it worth the risk of attempting to acquire it). In this case, the need to deter this criminal behavior justifies a guideline sentence.

**Avoid Sentencing Disparity**

Section 3553(a) urges the Court to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  Below is a list of recent sentences given to other defendants convicted of *distributing or receiving* child pornography here in the Hammond Division of this judicial district:

- *United States v. Wilson*, 2:10 CR 28 RL (defendant with no prior criminal history sentenced to serve Guideline sentence of 210 months for distributing child pornography via Gigatribe);

- *United States v. Billings*, 2:12 CR 4 JVB (defendant with no prior criminal history who received child pornography via Limewire and obstructed justice but did not distribute child pornography sentenced to serve Guideline sentence of 151 months;

- *United States v. Geiger*, 2:09 CR 84 JTM (defendant who received child pornography while on probation for a prior drug conviction but did not distribute child pornography sentenced to serve Guideline sentence of 135 months);

- *United States v. Ontiveros*, 2:08 CR 81 JVB (defendant with no prior criminal history convicted of receiving child pornography via Internet websites sentenced to serve Guideline sentence of 135 months incarceration);

- *United States v. Castillo-Rendon*, 2:10 CR 95 JTM (defendant with no prior criminal history who received child pornography via Limewire but did not distribute and who possessed less than 200 images was sentenced to serve Guideline sentence of 121 months incarceration followed by deportation);

6

- *United States v. Agnew*, 2:11 CR 30 PPS (defendant with no prior criminal history who received and distributed child pornography via Gigatribe sentenced to below-Guideline sentence of 120 months incarceration);

- *United States v. Young*, 2:12 CR 38 RL (defendant with no criminal history who received child pornography via Limewire but did not distribute sentenced to serve Guideline sentence of 97 months).

Defendants with similar criminal histories and offenses have received sentences longer than the guideline sentence recommended by the parties in this case.  Like the Defendant, none of the above defendants were shown to ever have engaged in hands-on sexual abuse of a minor and many had little to no criminal history.  Unlike the Defendant, many of the defendants listed above did not add to the market of child pornography by distributing videos to like-minded individuals through Peer to Peer programs.  The above sentences also show that Defendant has benefitted greatly from his plea agreement which removed him from the higher guideline range that his criminal behavior warranted.  It is because of that plea, that the sentence recommended by both parties and the guidelines is below those of defendants in similar situations sentenced before the Courts within this district. The Government suggests that a departure further downward would not be in line with 3553(a)'s concern of sentence disparities.[5]

## CONCLUSION

The Defendant committed the crime of possession of child pornography over the course of an eight year period.  None of the children in the videos found in Defendant's possession, or in the videos he viewed over that long period of time, were identifiable.   Therefore, they will not have the opportunity to express to the Court the damage caused to them by Defendant's willingness to view and distribute pictures and videos of their exploitation and/or abuse for his

---

[5] Defendant cites to cases in other districts including *U.S. v. Stall*, 581 F.3d 276 (6th Cir. 2009) where large downward departures were upheld on appeal.  The Government would note that the court in *Stall* stated that if the government had "given specific examples of how a variance of this magnitude would result in unwarranted sentencing disparities" the outcome of the sentencing may have been different.  *Stall*, 581 F.3d at 286.

own sexual gratification. Despite their absence at sentencing, their voices should be heard. An appropriate sentence is necessary to protect these most vulnerable members of society. Furthermore, a guideline sentence should deter Defendant and like-minded individuals from committing this crime in the future by sending a strong message that this exploitation and abuse of children will never be tolerated. Finally, a minimum guideline sentence would reflect the need to avoid sentencing disparities among similarly situated defendants. For all these reasons, the government recommends that this Court adopt the agreement of the parties and sentence the Defendant to a term of imprisonment equal to the minimum of the applicable guideline range followed by a 10 year term of supervised release.

        Respectfully submitted,

        DAVID CAPP
        UNITED STATES ATTORNEY

By:   /s/ Thomas M. McGrath
        Thomas M. McGrath
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on November 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Raymond Wigell

                                        /s/Thomas M. McGrath
                                        Thomas M. McGrath
                                        Assistant U.S. Attorney
                                        U.S. Attorney's Office
                                        5400 Federal Plaza, Suite 1500
                                        Hammond, Indiana 46320
                                        (219) 937-5500